IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BARBARA HENDRICKS d/b/a** ) | |
| **NORTH END PLAZA SALES &** ) | |
| **SERVICES and NORTH END** ) | |
| **TOWING, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 06-cv-1051-MJR |
| ) | |
| **WESTPORT INSURANCE** ) | |
| **CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM & ORDER

**REAGAN, District Judge:**

On January 9, 2007, Defendant Westport Insurance Corporation removed this action from the Circuit Court, Twentieth Judicial Circuit, St. Clair County, Illinois to the United States District Court for the Southern District of Illinois, based upon diversity of citizenship under 28 U.S.C. §1332. Plaintiff alleges that Defendant issued a commercial insurance policy on a building which was subsequently destroyed or damaged by fire. Plaintiff further alleges that Defendant has vexatiously and unreasonably rejected proof of loss and has refused to acknowledge Plaintiff's insurable interest in conformity with the terms of its own policy.

The case comes now before the undersigned Judge for threshold review. The principal purpose of such review is to ascertain that subject matter jurisdiction properly lies. *See, e.g., Wisconsin Knife Works v. National Metal Crafters,* **781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction**

**is properly alleged."**).

Section 1332 confers original jurisdiction over suits in which the amount in controversy exceeds $75,000 and the action is between citizens of different states. The party invoking federal jurisdiction bears the burden of demonstrating that all jurisdictional requirements have been met. ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).**

Here, the pleadings indicate that the amount in controversy has been met, in that Plaintiff asserts that the amount in controversy exceeds $250,000.00. However, diversity among the named parties is *not* shown to be complete as the Court does not have sufficient information to answer all questions regarding the parties' citizenship. The existence of complete diversity cannot be confirmed without knowledge of each and every party's place of citizenship. ***See, e.g., Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997);** *see also Buethe v. Britt Airlines, Inc.*, **787 F.2d 1194, 1196 (7th Cir. 1986) (referring to the "essential facts" of jurisdiction as "the state or states of citizenship of each of the parties").**

In its Notice of Removal, Defendant fails to state the citizenship of Plaintiff affirmatively but, rather, alleges "upon information and belief," that Plaintiff is a citizen of Illinois. In this Circuit, allegations based upon "information and belief" are insufficient to invoke federal jurisdiction. ***See, e.g., America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)**. The Court reviewed the original complaint and finds that Plaintiff therein stated that she is a "resident" of Illinois. However, citizenship may differ from residence*, see, e.g., **Denlinger v. Brennan*, 87 F.3d 214 (7th Cir. 1996),** and the law of this Circuit clearly holds that allegations of residence do not support the exercise of jurisdiction under the diversity statute.

Moreover, as to the citizenship of Westport Insurance Corporation, Defendant

Westport states that it is "a Missouri insurance company with its principal place of business in Missouri." Under the diversity statute, a corporation is a citizen of both the state in which it is incorporated and the state in which its principal place of business is located. **28 U.S.C. § 1332(c)(1);** *Wild v. Subscription Plus, Inc.*, **292 F.3d 526, 528 (7th Cir.),** *cert. denied*, **537 U.S. 1045 (2002)**. Defendant's Notice of Removal should plainly allege both aspects of its citizenship under **28 U.S.C. § 1332(c)(1).**

The Seventh Circuit has instructed district courts freely to grant leave to amend defective allegations of subject matter jurisdiction or to allow the parties to brief jurisdictional issues (rather than *sua sponte* dismissing cases for lack of jurisdiction). *See Leaf v. Supreme Court of Wisconsin*, **979 F.2d 589, 595 (7th Cir. 1992),** *cert. denied*, **508 U.S. 941 (1993);** *Fey v. E.P.A.*, **270 F.3d 1129, 1131-32 (7th Cir. 2001) ("sua sponte dismissals without prior notice or opportunity to be heard are hazardous," and "unless the defect is clearly incurable a district court should . . . allow the parties to argue the jurisdictional issue. . . .").**

Accordingly, the Court **ORDERS** Defendant to file a jurisdictional memorandum addressing the citizenship issues identified herein **on or before June 21, 2007**.

**IT IS SO ORDERED.**

**DATED this 7th day of June, 2007**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**